**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**


EDDIE LEE GORDON,

    Petitioner,

v.                                      CASE NO:  5:10-CV-280-Oc-30TBS

WARDEN, FCC COLEMAN - LOW,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Eddie Lee Gordon's Petition for Writ of

Habeas Corpus (Dkt. #1) filed pursuant to 28 U.S.C. § 2241, Respondent's Response (Dkt.

#6), Petitioner's Reply (Dkt. #9) and Supplemental Reply (Dkt. #16).   Upon consideration,

the Court determines the petition is due to be dismissed as an improper filing under § 2241.

If the petition were not due to be dismissed, it would fail on the merits.

Gordon contends that he was improperly enhanced as an armed career criminal at his

sentencing in 1996.  Specifically, in his petition he states:

> Pursuant to *Johnson v. U.S.*, No. 08-6925 (2010); *Begay v. U.S.*, 553 US 137,
> (2008); *Harrison v. U.S.*, 558 F.3d 1280 (11th Cir. 2009); and *Shepard v. U.S.*,
> 544 US 13 (2005).  Defendant does not have the requisite number of predicate
> convictions to authorize sentencing him as an armed career criminal.
>
> Defendant's burglary of a building (where only theft took place and defendant
> left the building). and Defendant's Escape (walkaway detail) from nonsecure
> out-door work detail, did not produce an element use, attempt use, or
> threatened use of physical force against a person of another to qualify for a
> "violent felony".

In his Reply, for the first time, Gordon appears to raise an *Apprendi*[1] argument. The purpose of this argument is unclear. It appears that Gordon is making the *Apprendi* argument to counter the Respondent's contention that Gordon's sentence is below the maximum sentence for the drug counts without any enhancement under the Armed Career Criminal Act ("ACCA").

First, if Gordon's drug argument is intended to be a new issue, it is waived. A petitioner may not raise a new issue in a reply because the respondent has no opportunity to respond. If it is raised to argue that his drug convictions carried a maximum sentence below the sentence he received, it fails on the merits. He was properly charged in the indictment with the quantity of drugs involved and he admitted the facts at his sentencing and in his stipulated statement of facts. (See attachment 5, Respondent's Response, Dkt. #6.)

As to the argument raised in the initial petition concerning the ACCA enhancement, the Court will first set forth the procedural background of Gordon's sentence as described by Respondent:

> On June 6, 1996, a grand jury sitting in the Northern District of Florida returned a three-count indictment charging that Petitioner, having previously been convicted of multiple felonies, knowingly possessed a firearm in and affecting interstate and foreign commerce in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count I); that he knowingly and intentionally conspired to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(A) (Count II); and that he knowingly and intentionally possessed with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii) (Count III). (*See United States v. Gordon*, Case No. 4:96-cr-36 (N.D. Fla.), Doc 1; Attachment 1, *Indictment in Criminal Case No.*

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*4:96-cr-36 (N.D.Fla))*.  On June 28, 1996, the Court accepted Petitioner's plea of guilty to all counts.  (*Id.* at Doc. 18).  At a sentencing hearing held on November 23, 1996, the district court sentenced Petitioner to a term of imprisonment of 360 months as to each count, all running concurrently with each other.  (*Id.* at Doc. 32; Attachment 2, *Judgment in Criminal Case No. 4:96-cr-36 (N.D. Fla.)*).  Petitioner was also sentenced to five years of supervised release.  (*Id.*)  Petitioner appealed, but his sentence was affirmed by the Eleventh Circuit, and his petition for writ of certiorari was denied.  (*Id.*, Docs. 66, 68.)  He then filed a motion under 28 U.S.C. § 2255, seeking to vacate his sentence, but that motion was denied.  (*Id.*, Docs. 75, 76, 102, 110).  He later filed a Rule 60(b) motion, which the court interpreted as a successive § 2255 and dismissed based on lack of jurisdiction.  (*Id.*, Docs. 131, 133).

Response (Dkt. #6), p. 1-2.

## Gordon Is Procedurally Barred from Bringing this § 2241 Petition.

Gordon is attacking the validity of his convictions and sentences rather than the means of their execution.  Ordinarily, such relief would be pursuant to 28 U.S.C. § 2255, not § 2241.  Gordon has previously sought relief under § 2255 unsuccessfully.  Gordon contends that he is entitled to bring this § 2241 petition under the safe harbor provision of § 2255(e).  Indeed, this issue is currently under review by the Eleventh Circuit Court of Appeal for those cases in which, because of the ACCA enhancement, a prisoner's sentence exceeds the statutory maximum for the crime of conviction without the enhancement.  Here, that is not the case.

Count two charged Gordon with conspiracy to possess with the intent to distribute at least fifty grams of a mixture or substance containing cocaine base under 21 U.S.C. § 841(b)(1)(A)(iii) which carries a sentence of ten years to life.  Count three charged him with possession with intent to distribute at least  five grams of a mixture or substance containing

cocaine base under 21 U.S.C. § 841(b)(1)(B)(iii) which carries a sentence of five to forty years. The stipulation of facts submitted with his plea admitted to possession of 33.5 grams of crack cocaine and that he would purchase 28 grams of powder at least every two weeks. See attachment 5, Response (Dkt. #6). Thus, Gordon faced a maximum sentence of life in prison for the drug charges. The ACCA enhancement did not place Gordon's sentence above the statutory maximum. Therefore, his § 2241 petition is procedurally barred. *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010).

### Were It Not Procedurally Barred, The Petition Would Fail On Its Merits

Even if Gordon's petition were not procedurally barred, it would fail on its merits. In his petition, Gordon contests whether his prior convictions of burglary and escape qualify as "violent felonies" pursuant to the definition of that term as found in ACCA. In his reply, he belatedly attempts to raise arguments as to his multiple other violent felony convictions, but to no avail. His presentence investigation report lists at least three other convictions which constitute "violent felonies" which he did not contest at his sentencing hearing. Those are:

(1)     Paragraph 38 - a 1979 conviction for robbery;

(2)     Paragraph 43 - a 1994 conviction for aggravated assault (committed in 1993); and

(3)     Paragraph 44 - a 1994 conviction for aggravated assault.

Gordon does not cite to any Supreme Court cases holding that these felonies are not "violent felonies" as defined in ACCA.

The Respondent makes a strong argument under *Taylor v. United States*, 495 U.S. 575 (1990) and *United States v. Chaney*, 210 WL 3245134, *3 (11th Cir. 2010) that Gordon's burglary conviction also qualifies as a violent felony. Gordon disputes this. But it is not necessary for this Court to reach this issue since it is clear that Gordon otherwise qualified for the ACCA enhancement without regard to the burglary conviction.

Since Gordon's petition is procedurally barred, and would have failed on the merits, it is

ORDERED AND ADJUDGED that:

1.      The Petition for Writ of Habeas Corpus (Dkt. #1) is DISMISSED as procedurally barred.

2.      The Court determines that had it not been procedurally barred, the petition would have failed on its merits.

3.      All pending motions are denied as moot.

4.      The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-280.Ocala Gordon.wpd*